UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2010 AUG 26   P 2:52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **FRANK JOHNSON**<br>Plaintiff,<br><br>v.<br><br>**HSBC BANK USA d/b/a DIRECT MERCHANTS BANK**, a foreign company, **CITIFINANCIAL, INC.**, a foreign corporation, **EQUIFAX INFORMATION SERVICES, LLC**, a foreign limited liability company, **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation,<br>Defendants. | Civil Action No.: 3:10-cv-722-WHA<br>**Plaintiffs Demands Jury Trial** |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 18-9-1, *et. seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

### JURISDICTION AND VENUE

1

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Lee County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Frank Johnson (hereinafter referred to as "Plaintiff") is a natural person and resident and citizen of Russell County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant HSBC Bank USA d/b/a Direct Merchants Bank (hereinafter referred to as "HSBC" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

5. Defendant Citifinancial Inc, (hereinafter referred to as "Citi") is a foreign corporation that regularly furnishes information on consumer to consumer reporting agencies.

6. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

7. Defendant Experian Information Solutions, Inc., (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

**Defendants HSBC and Citi:**

8. Plaintiff reincorporates by reference herein paragraphs one (1) through seven (7).

9. In 2006, Plaintiff filed for Chapter 13 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on December 12, 2008 [1]

10. Defendant HSBC was involved in the Plaintiff's Chapter 13 Bankruptcy. Specifically;

    a. HSBC was listed on the Schedule F as Household Finance Corporation for creditors holding unsecured claims in the amount of $5,461.00. This debt was discharged through the Bankruptcy. HSBC received notice of the discharge through the BNC.

11. Defendant Citi was involved in the Plaintiff's Chapter 13 Bankruptcy. Specifically;

    a. Citi was listed on the Schedule F for creditors holding unsecured claims in the amount of $9,084.00. This debt was discharged through the Bankruptcy. Citi received notice of the discharge through the BNC.

12. Notwithstanding the aforesaid, Defendant HSBC continues to report Plaintiff's account to one of the three national consumer reporting agency (hereinafter referred to as "Credit

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 06-80934.

3

Reporting Agency" or "CRA") as having a balance due and payable, rather than reflecting that such were discharged in bankruptcy.

 a. HSBC reported to Equifax on January 1, 2007, that Plaintiff has an outstanding balance with, and remains personally liable to, HSBC for the amount of $2,289.00. This account balance was still showing as of November 13, 2009 under the "Trade Lines" section of the report.

13. Notwithstanding the aforesaid, Defendant Citi continues to report Plaintiff's account to one of the three national consumer reporting agencies (hereinafter referred to as "Credit Reporting Agency" or "CRA") as having a balance due and payable, rather than reflecting that such were discharged in bankruptcy.

 a. Citi reported to Experian on March 31, 2007, that Plaintiff has an outstanding balance with, and remains personally liable to, Citi for the amount of $5,034.00. This account balance was still showing as of November 13, 2009 under the "Trade Lines" section of the report.

14. Defendants HSBC and Citi obtained knowledge of Plaintiff's discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.

15. Notwithstanding that Defendants properly update numerous accounts each month they have intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

16. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

17. Defendants have a policy to "park" its accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

18. Defendants know that reporting these balances will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

19. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

20. Defendants' actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with knowledge that its actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

21. The actions, omissions, misrepresentations, and violations of the FCRS, FDCPA, federal law, and state law of Defendant, regarding Plaintiff's discharged debts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

22. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

**Defendant Equifax and Experian:**

23. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

24. Indisputably, based upon sheer volume of factually identical actions, Defendants should have reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

25. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe emotional distress,

mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.***

26. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-five (25).

27. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

    d. Invading the privacy of Plaintiff; and

    e. Failing in their duty to prevent foreseeable injury to Plaintiff.

28. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer

7

liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

29. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

30. Defendants have furnished information regarding the Plaintiff, a consumer, to one or more of the CRAs, when they had reason to know the information was inaccurate.

31. Defendants furnished this information to the CRAs after being notified by the Plaintiff that the information is inaccurate, and the information is, in fact, inaccurate.

32. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

33. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

34. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

---

[2] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

## COUNT TWO
## DEFENDANT HSBC AND CITI
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

35. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-four (34).

36. Defendants attempted to collect a consumer debt allegedly owed by the Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendants violated the FDCPA by taking one or more of the following actions against Plaintiff:

    a. Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiff's credit reports when there is no legal right to collect the discharged debt;

    b. Taking illegal actions against Plaintiff;

    c. Refusing to properly update Plaintiff's accounts;

    d. Failing to show the accounts as being "disputed" by Plaintiff; and

    e. Reporting the invalid debt on Plaintiff's credit reports.

37. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

38. Plaintiff has suffered injury to her credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

39. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability [Section 813 of Pub. Law].

## COUNT THREE
## DEFENDANT HSBC AND CITI WILLFUL
## VIOLATION OF THE DISCHARGE INJUNCTION
## ATTEMPTING TO COLLECT A DISCHARGED DEBT

40. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-nine (39).

41. Defendants have willfully violated the Chapter 13 discharge injunction by attempting to collect a debt that arose prior to and was discharged in Plaintiff's bankruptcy case. More specifically, Defendants assigned, cosigned, or otherwise transferred for the purpose of collection a discharged account subsequent to receiving notice of its discharge.

42. Because Defendants obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., receipt of the BNC Certificate of Service– Meeting of the Creditors and the BNC Certificate of Service– Order of Discharge, Defendants have willfully violated the Chapter 13 bankruptcy injunction. Despite such knowledge, Defendants continue their collection efforts upon the discharged debt.

43. As a result thereof, the Plaintiff has suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

44. Accordingly, Defendants should be held in contempt and are liable to the Plaintiff for actual, compensatory and punitive damages, and costs and attorney's fees.

## COUNT FOUR
## DEFENDANT HSBC AND CITI WILLFUL
## VIOLATION OF THE DISCHARGE INJUNCTION
## CONTINUING TO REPORT DISCHARGED DEBTS ON PLAINTIFF'S CREDIT REPORTS

45. Plaintiff incorporates paragraphs one (1) through forty-four (44) as if fully state herein.

46. Defendants willfully violated the Chapter 13 discharge injunction by reporting to one or more credit reporting agencies, subsequent to their knowledge of the discharge, that the discharged debt had a balance due and owing to Defendants.

47. It is standard protocol in the credit reporting industry that accounts discharged in bankruptcy should be reported as such with a zero balance. The Federal Trade Commission's commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance to reflect that the consumer is no longer personally liable for the discharged debt.

48. Because Defendants obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., the BNC – Meeting of the Creditors and the BNC – Discharge, Defendant has willfully violated the Chapter 13 bankruptcy injunction. Despite such knowledge, Defendants continue their collection efforts upon the discharged debt.

49. Defendants' acts of refusing to update Plaintiff's credit reports to show a zero balance after the Bankruptcy discharge violate the discharge injunction.

50. Defendants' actions of refusing to update Plaintiff's credit reports were designed to coerce payment of the discharged debt.

51. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant shad not inaccurately reported Plaintiff's credit history.

52. As a result thereof, Plaintiff has suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

53. Accordingly, Defendants should be held in contempt and is liable to Plaintiff for actual, compensatory and punitive damages, and costs and attorney's fees.

**COUNT FIVE**
**DEFENDANT HSBC AND CITI**
**NEGLIGENT, RECKLESS AND WANTON CONDUCT**

54. Plaintiff incorporates herein by reference paragraphs one (1) through fifty-three (53).

55. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

56. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

57. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## ALL DEFENDANTS
## INVASION OF PRIVACY

58. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-seven (57).

59. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

60. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

61. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

62. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SEVEN
### ALL DEFENDANTS
### DEFAMATION

63. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-three (63).

64. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

65. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

66. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

67. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

68. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT EIGHT
### DEFENDANT HSBC AND CITI
### INTENTIONAL MISREPRESENTATION

69. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-nine (69).

13

70. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendants.

71. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

72. Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

73. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

74. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT NINE
## DEFENDANTS HSBC AND CITI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff incorporates by reference herein paragraphs one (1) through seventy-four (74).

76. Defendants' conduct, as described herein, was reckless and/or intentional, and performed with disregard for the rights of Plaintiff.

77. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

78. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law. Plaintiff also requests this Court, on the jury returning a verdict for the Plaintiff, to assess an attorney fee to be awarded to Plaintiff's attorney.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiff actual damages;

b) Award Plaintiff punitive damages;

c) Award Plaintiff statutory damages where applicable;

d) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 26 day of August 2010.

*Bradford J. Griffin (GRI083)*
*Attorney for Plaintiff*

15

                                          **VICKERS & WHITE, PLLC**
                                          428 South Lawrence Street
                                          Montgomery, AL 36111
                                          Telephone: (334) 269-1192
                                          Facsimile: (334) 239-7408
                                          bgriffin@vickersandwhitelaw.com

                **THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**HSBC BANK USA d/b/a DIRECT MERCHANTS BANK**
c/o General Counsel
HSBC BANK USA National Association
Office of the General Counsel
One HSBC Center
Buffalo, NY 14203-2827

**CITIFINANCIAL, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104