IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **FRANK JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HSBC BANK USA d/b/a DIRECT** | ) | **CIVIL ACTION NO. 3:10-CV-722-** |
| **MERCHANTS BANK;** | ) | **WHA** |
| **CITIFINANCIAL, INC.; EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC;** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT HSBC BANK USA'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

**COMES NOW** Defendant HSBC Card Services, Inc. ("HSBC"), improperly identified in Plaintiff's Complaint as HSBC Bank USA, by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss Plaintiff Frank Johnson's ("Plaintiff") claims against HSBC in the above-styled matter for failure to state a claim upon which relief can be granted. In support thereof, HSBC submits the following memorandum of law and states as follows:

## I. **INTRODUCTION**

On or about August 26, 2010, Plaintiff filed a Complaint against HSBC, alleging that it failed to properly update Plaintiff's account information with a credit reporting agency ("CRA") following the bankruptcy discharge of Plaintiff's debt.   In conjunction with this single allegation, Plaintiff asserts the following causes of action against HSBC: (1) Violation of the Fair Credit Reporting Act ("FCRA"); (2) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) Violation of the Bankruptcy Discharge Injunction - Attempting to Collect a Discharged Debt; (4) Violation of the Bankruptcy Discharge Injunction - Continuing to Report Discharged Debts on Plaintiff's Credit Reports; (5) Negligent, Reckless and Wanton Conduct; (6) Invasion of Privacy; (7) Defamation; (8) Intentional Misrepresentation; and (9) Intentional Infliction of Emotional Distress.

Significantly, Plaintiff's claims are similar to those recently dismissed by this Court in Wedgeworth v. Result Matrix, Inc., 2010 WL 2794594 (M.D. Ala. Jul. 15, 2010).  As in Wedgeworth, Plaintiff's claims against HSBC in the present action are likewise due to be dismissed because he fails to state a single cause of action upon which relief can be granted.  Specifically, Plaintiff's FCRA claim (Count 1) is due to be dismissed because he fails to allege that HSBC received notice of a credit reporting dispute from the CRA, as is expressly required to

maintain a private right of action under the Act. Plaintiff's FDCPA claim (Count 2) is due to be dismissed because HSBC is not a "debt collector" subject to the provisions of the Act and, even if it was, Plaintiff's FDCPA claim is time-barred by the Act's one-year statute of limitations. Plaintiff's violation of the discharge injunction claims (Counts 3-4) are due to be dismissed because said claims can only be resolved by the federal bankruptcy court that issued the injunction and because Plaintiff has otherwise failed to properly state a claim for relief. And finally, Plaintiff's remaining state law claims (Counts 5-9) are due to be dismissed because they are preempted by FCRA.

For these reasons and others demonstrated below, HSBC's Motion to Dismiss is due to be granted.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff filed for Chapter 13 bankruptcy relief in 2006. See Plaintiff's Complaint, ¶ 9. HSBC was identified in Plaintiff's Schedule F as one of his unsecured creditors. See id., ¶ 10. On January 1, 2007, HSBC reported to CRA Equifax Information Services, LLC. ("Equifax") that Plaintiff owed HSBC an outstanding debt in the amount of $2,289.00. See id., ¶ 12. On December 12, 2008, Plaintiff's debt with HSBC was discharged as part of his bankruptcy. See id., ¶¶ 9, 10. Plaintiff alleges that HSBC received notice of this discharge. See id., ¶ 14. According to Plaintiff, however, HSBC has failed to update its Equifax

report to reflect that Plaintiff's HSBC debt has been discharged in bankruptcy. <u>See</u> <u>id.</u>, ¶¶ 12, Plaintiff alleges that HSBC's actions in this regard were malicious, wanton, reckless, intentional and/or willful and that he has suffered damages as a result thereof including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering and emotional pain. <u>See</u> <u>id.</u>, ¶¶ 15, 20, 22.

### III. <u>MOTION TO DISMISS STANDARD</u>

In order to properly state a claim, the Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a pleading's factual allegations need not be detailed, they must contain more than "labels and conclusions," and a formulaic recitation of the elements of a claim will not do. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citing <u>Papasan v.</u> <u>Allain</u>, 478 U.S. 265, 286 (1986)). Similarly, an unadorned, "the-defendant-unlawfully-harmed-me accusation" fails to pass muster. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of entitle[ment] to relief.'" <u>Weissman v. Nat'l Ass'n of Sec. Dealers,</u>

Inc., 500 F.3d 1293, 1310 (11th Cir. 2007) (internal quotations omitted) (quoting Twombly, 550 U.S. at 557) (quoting DM Research, Inc. v. College of Am. Pathologists, 170 F. 3d 53, 56 (1st Cir. 1999)). It is the Plaintiff's obligation to "nudge[] [his] claims across the line from conceivable to plausible, [otherwise, his] complaint must be dismissed." Twombly, 550 U.S. at 570.

## IV. ARGUMENT

### A.    Plaintiff's FCRA Claim Against HSBC is Due to be Dismissed.

Plaintiff alleges that Defendants (including HSBC) violated FCRA (1) by willfully and negligently failing, in the preparation of consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681e(b); (2) by willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i; and (3) by willfully and negligently failing to fulfill their duties as listed within 15 U.S.C. § 1681s-2, including failing to update and/or correct previously reported information determined to be inaccurate or incomplete. See Plaintiff's Complaint, ¶ 27.

As demonstrated below, each of these allegations fails to state a claim against HSBC upon which relief can be granted.

### 1. Plaintiff's Section 1681e(b) FCRA Claim Fails Because That Section Only Governs Credit Reporting Agencies.

Section 1681e(b) provides in full: "Whenever a ***consumer reporting agency*** prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). This Court recently (and correctly) confirmed in Wedgeworth that section 1681e(b) speaks only to duties owed by consumer reporting agencies. 2010 WL 27945594, at *3. By Plaintiff's own admission, HSBC is not a consumer reporting agency, but is instead a furnisher of credit information. See Plaintiff's Complaint, ¶ 4. Thus, Plaintiff has failed to state a FCRA claim against HSBC based upon an alleged violation of section 1681e(b). See id.

### 2. Plaintiff's Section 1681i FCRA Claim Fails Because That Section Only Governs Credit Reporting Agencies.

Like section 1681e(b), section 1681i also only governs the duties of consumer reporting agencies. See Wedgeworth, 2010 WL 27945594, at *4. Because HSBC is not alleged to have been (and is not) a consumer reporting agency, Plaintiff has also failed to state a FCRA claim against HSBC based upon an alleged violation of section 1681i. See id.

### 3. Plaintiff's Section 1681s-2 FCRA Claim Fails As a Matter of Law.

Section 1681s-2 governs the responsibilities of furnishers of information, such as HSBC, and imposes separate duties under subsections (a) and (b). As demonstrated below, however, Plaintiff cannot state a claim against HSBC under either subsection.

### a. There is No Private Right of Action Under Section 1681s-2(a).

Section 1681s-2(a) outlines a furnisher's responsibility to provide accurate information to credit reporting agencies. Section 1681s-2(d) expressly states, however, that section 1681s-2(a) "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d). As a result, Courts (including this one) have repeatedly held that there is no private right of action for a furnisher's alleged violation of section 1681s-2(a). See Wedgeworth, 2010 WL 27945594, at *4; see also Green v. RBS Nat. Bank, 288 Fed. Appx. 641, 642 (11th Cir. 2008); Knudson v. Wachovia Bank, 513 F.Supp.2d 1255, 1260-61; Abbett v. Bank of America, 2006 WL 581193, at *3 (M.D. Ala.); Riley v. General Motors Acceptance Corp., 226 F.Supp.2d 1316, 1319 (S.D. Ala. 2002); Yelder v. Credit Bureau of Montgomery, L.L.C., 131 F.Supp.2d 1275, 1283 (M.D. Ala. 2001). For

this reason, Plaintiff cannot state a claim against HSBC under section 1681s-2(a).

See Wedgeworth, 2010 WL 27945594, at *4.

> **b.** **Plaintiff Has Failed to Allege that HSBC Received Notice of a Dispute from the CRA as is Required Under Section 1681s-2(b).**

Section 1681s-2(b) outlines a furnisher's responsibilities once it receives

notice of a dispute regarding the accuracy or completeness of credit information

provided to a CRA, stating in pertinent part:

> ***After receiving notice pursuant to section 1681i(a)(2)*** of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> > (A) conduct an investigation with respect to the disputed information;
> >
> > (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> >
> > (C) report the results of the investigation to the consumer reporting agency;
> >
> > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> >
> > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(emphasis added).

Based on the foregoing, a furnisher's § 1681s-2(b)(1) duties are contingent upon it receiving notice of a dispute "pursuant to section 1681i(a)(2)." Section 1681i(a)(2) outlines a CRA's duty to notify a furnisher when a consumer disputes his/her credit report. This Court has correctly extrapolated this to mean that a furnisher's § 1681s-2(b)(1) duties are ***only*** triggered upon it receiving notice of a dispute ***from a credit reporting agency***. See Wedgeworth, 2010 WL 27945594, at *4; Yelder, 131 F.Supp.2d at 1289.

Accordingly, Courts (including this one) have repeatedly held that a plaintiff cannot state a section 1681s-2(b) FCRA claim without alleging that he/she notified the CRA of the dispute and that the CRA, in turn, notified the furnisher. See Wedgeworth, 2010 WL 27945594, at *4; see also Booker v. Capital One Bank, et al., No. 3:09-cv-00601-WKW-WC, Doc. 28 (M.D. Ala. Oct. 9, 2009) (Watkins, J.) (dismissing the plaintiff's FCRA claim against furnisher of information, with prejudice, when the plaintiff failed to allege in his complaint that he reported his dispute to any credit reporting agency); RBC Bank v. Glass, No. 09-AR-0095-S, Doc. 30, p. 10 (N.D. Ala. June 12, 2009) (granting motion to dismiss defendants'

FCRA counterclaim when "[t]here [was] no allegation in defendants' counterclaim that [the furnisher of information] received notice of defendants' dispute from any consumer reporting agency, or that defendants even notified a consumer reporting agency of any dispute over any black mark on defendants' credit as reported by [the furnisher of information].").

Here, Plaintiff does not allege that he notified the CRAs that his credit information was being reported inaccurately.  Nor does he allege that the CRAs, in turn, notified HSBC of a dispute.  Rather, Plaintiff merely alleges that he notified the furnishers (i.e., HSBC and CitiFinancial) that the information provided to the CRAs was inaccurate.  See Plaintiff's Complaint, ¶ 31.  As this Court recently held, however, such notice is insufficient to trigger a furnisher's duty under section 1681s-2(b) or properly state a claim thereunder.  See Wedgeworth, 2010 WL 27945594, at *4.  As such, Plaintiff's section 1681s-2 FCRA claim necessarily fails and is due to be dismissed.

### B.   Plaintiff's FDCPA Claim Against HSBC is Due to be Dismissed.

#### 1.   Plaintiff Fails to Properly Allege (and Cannot Demonstrate) that HSBC is a "Debt Collector" Subject to the Provisions of the FDCPA.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and, as such, its provisions apply to debt collectors as defined by the Act, and not creditors.  See 15 U.S.C. § 1692-1692p;

see also Pelfrey v. Educ. Credit Mgmt. Corp., 71 F. Supp. 2d 1161, 1166 (N.D. Ala. 1999) (holding that creditors are exempt from the provisions of the FDCPA); McGrady v. Nissan Motor Acceptance Corp, 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998) ("[A]ctual creditors . . . are not subject to the act.") (citation omitted); Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1485-86 (M.D. Ala. 1987) ("Congress clearly sought to exclude creditors -- that is, those who extend credit and collect their own debts . . .").

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another." 15 U.S.C. § 1692a(6). Conversely, the FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed. . . ." 15 U.S.C. § 1692a(4).

In the present action, HSBC originated the subject debt. Thus, HSBC is not a "debt collector" under the FDCPA, but is a "creditor" exempt from liability under the Act. See Pelfrey, 71 F. Supp. 2d at 1166; McGrady, 40 F. Supp. 2d at 1335; Kimber, 668 F. Supp. at 1485-86. For this reason alone, Plaintiff's FDCPA claim against HSBC necessarily fails and is due to be dismissed.

Even if this were not the case (and it is), Plaintiff has failed to assert any allegation that HSBC is a "debt collector" or otherwise subject to the provisions of the FDCPA. See Plaintiff's Complaint. Instead, Plaintiff attempts to skirt the issue (and the fact that HSBC is not a "debt collector") by failing to identify HSBC's status or the manner in which the subject debt was originated. See id. Pleadings devoid of such relevant "debt collector" facts are exactly the type prohibited by the Supreme Court in Twombly and Iqbal, and federal courts have taken to specifically dismissing FDCPA claims on this basis. See Dokumaci v. MAF Collection Servs., No. 8:09-cv-02488-T-24-TGW, 2010 WL 2560024, at *1-2 (M.D. Fla. June 17, 2010) (dismissing plaintiff's FDCPA claim because he failed to plead sufficient facts to support his conclusory allegation that the defendant was a "debt collector" under the statute); Gillard v. Michalakos, No. 09-2898, 2010 WL 457238, at *2 (7th Cir. Jan. 29, 2010) (affirming dismissal of plaintiff's complaint absent allegation that defendant is a "debt collector" subject to the provisions of the FDCPA); see also Abed-Stephens v. First Fed. Bank of Cal., No. CV-09-7879-AHM, 2010 WL 1266833, at *3 (C.D. Cal. Mar. 30, 2010) ("Plaintiffs do not allege that Defendants are debt collectors; rather they allege that Defendants are creditors and servicers of the loan that Plaintiffs secured. Accordingly, Plaintiff's claim for violations of the FDCPA is dismissed with prejudice."); Pu v. Charles H. Greenthal Management, No. 08 Civ. 10084 (RJH)(RLE), 2010 WL 774335, at *4

(S.D.N.Y. Mar. 9, 2010) (dismissing plaintiff's FDCPA claim because "he has not pleaded any facts to show that any of the defendants are 'debt collectors' within the meaning of the statute); Quale v. Unified CCR Partners, 2010 WL 1417903, at *3 (S.D. Ala. Jan. 29, 2010) ("Plaintiff does not allege in any respect that Defendant National City Bank is a debt collector as contemplated by the FDCPA. Therefore, National City Bank is not subject to the verification and reporting requirements of the FDCPA, and Plaintiff's FDCPA claim against this Defendant is due to be dismissed.").

For this additional reason, Plaintiff's FDCPA claim against HSBC is due to be dismissed.

**2.    Plaintiff's FDCPA Claim is Time-Barred by the Act's One Year Statute of Limitations.**

The FDCPA outlines a strict one-year statute of limitations for enforcement actions under the Act, stating: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). This Court has expressly held that there is no discovery rule for the running of the FDCPA's one-year limitations period, and that the statute begins to run at the time of the alleged violation regardless of whether the plaintiff

is aware (or has notice) of the alleged violation.  See Wedgeworth, 2010 WL

27945594, at *2-3; see also Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995).

Here, Plaintiff alleges that HSBC violated the FDCPA by reporting his debt

to Experian on January 1, 2007, and/or by failing to update its report following the

bankruptcy discharge of his debt on December 12, 2008.  In both instances,

HSBC's alleged FDCPA violation occurred more than one year prior to Plaintiff

filing the present action on August 26, 2010.  As such, Plaintiff's FDCPA claim

against HSBC is necessarily time-barred by the Act's one-year statute of limitations

and, for this additional reason, is due to be dismissed.  See Wedgeworth, 2010 WL

27945594, at *2-3.

## C.  Plaintiff's Claims for Violation of the Bankruptcy Discharge Injunction are Due to be Dismissed.

Plaintiff has asserted two separate claims against HSBC for violation of the

bankruptcy discharge injunction.  In the first, plaintiff alleges that HSBC violated

the injunction by assigning, cosigning or otherwise transferring his discharged debt

for the purpose of initiating collection thereon.  See Plaintiff's Complaint, ¶ 41.  In

the second, Plaintiff alleges that HSBC violated the injunction by refusing to

update Plaintiff's credit report to reflect that his debt had been discharged in

bankruptcy.  See id., ¶ 49.  As demonstrated below, both of Plaintiff's claims fail

because discharge injunction violations are the exclusive province of the

Bankruptcy Court that issued the injunction and cannot be asserted in District

Courts. Even if this were not the case (and it is), Plaintiff has otherwise failed to properly state a claim for violation of the discharge injunction. For these reasons, Plaintiff's claims against HSBC for violation of the bankruptcy discharge injunction are due to be dismissed.

### 1.   Violations of the Discharge Injunction are the Exclusive Province of Federal Bankruptcy Courts.

Section 524(a)(2) of the Bankruptcy Code provides that the discharge of a case under Title 11 "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Significantly, however, section 524 does not create a private right of action or provide for monetary relief in the event of a violation of the discharge injunction. See id. Rather, "'a debtor's sole avenue of recourse -- and the one for which is the traditional remedy for a violation of a court order -- is to bring an action against the creditor for contempt.'" In re Stooksbury, 2008 WL 2169452, at *3 (Bankr. E.D. Tenn. May 22, 2008) (quoting In re Perviz, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003)).

Because Bankruptcy Courts issue the discharge injunction, they have exclusive jurisdiction over the enforcement thereof, and a contempt action cannot be brought in a federal District Court. See Welch v. Target Nat'l Bank, 2009 WL 1659708, at *2 (M.D. Fla. Jun. 15, 2009) (dismissing plaintiff's claim for violation

of the discharge injunction on the grounds that there is no private right of action for such a claim that may be brought in a federal District Court and that "the matter can only be resolved in the Bankruptcy Court."); In re Barsh, 2006 WL 3703269, at *2 (Bankr. D. Md. Dec. 13, 2006) ("Where the question is whether or not the creditor has violated the discharge injunction, it appears that the Bankruptcy Court, as the court which has issued the injunction, has exclusive jurisdiction over the issue of violation and enforcement."); Williams v. Sears, Roebuck and Co., 244 B.R. 858, 867 (S.D. Ga. 2000) (internal quotation omitted) (concluding that violations of section 524 can be remedied only by contempt proceedings and that only the court whose order has been defied "'has jurisdiction to entertain the contempt action.'"); Pereira v. First North American Nat'l Bank, 223 B.R. 28, 31 (N.D. Ga. 1998) (holding that the bankruptcy court that issued the discharge injunction at issue is the proper forum for contempt action); see also Cox v. Zale Delaware, Inc., 239 F. 3d 910, 916 (7th Cir. 2001) ("The remedy authorized by section 524(a)(2) has the advantage of placing responsibility for enforcing the discharge order in the court that issued it."); In re Montano, 2007 WL 2688606, at *2 (Bankr. D. N.M. Sep. 10, 2007) (citations omitted) (stating in the context of section 524 that "only the court that issued the disobeyed order or injunction has jurisdiction to hold a violator in contempt). For this reason alone, Plaintiff's claim

for violation of the discharge injunction, wrongfully brought in this Court, is due to be dismissed.

    **2.**    **Plaintiff has Failed to Properly State a Claim for Violation of the Discharge Injunction on the Basis of an Alleged Transfer of the Subject Debt.**

Plaintiff's first claim for violation of the discharge injunction is based upon an alleged assignment or transfer of his discharged debt for the purpose of initiating collection thereon. See Plaintiff's Complaint, ¶ 41. Significantly, however, Plaintiff fails to offer any "further factual enhancement" in support of this vague allegation. Weissman, 500 F.3d at 1310. For starters, he does not even specifically allege that HSBC transferred his debt, stating only that "Defendants" transferred "a" discharge account. See Plaintiff's Complaint, ¶ 41. Moreover, Plaintiff does not allege when HSBC supposedly transferred his account or to whom it was allegedly transferred. Perhaps most importantly, Plaintiff does not allege any facts which would suggest (much less support) that his debt was transferred for the purpose of collection or that any collection efforts actually ensued -- which is the very basis of any violation of the discharge injunction claim. In short, Plaintiff has asserted the exact type of unadorned, "the-defendant-unlawfully-harmed-me accusation" prohibited by the Supreme Court in Twombly and Iqbal. For this additional reason, Plaintiff's first claim against HSBC for violation of the bankruptcy discharge injunction is due to be dismissed.

### 3. Plaintiff has Failed to Properly State a Claim for Violation of the Discharge Injunction For Failure to Update a Credit Report.

Plaintiff's second claim for violation of the discharge injunction is based upon HSBC's alleged failure to update Plaintiff's credit report after the discharge of his debt.  See Plaintiff's Complaint, ¶ 49. Significantly, Plaintiff does not allege that HSBC engaged in any affirmative collection efforts with respect to his discharged debt, only that it failed to update earlier reports after learning of the discharge of said debt.

With that said, "[n]othing in § 524(a)(2), insofar as it applies here, requires a creditor to take any action following entry of a discharge." In re Mogg, 2007 WL 2608501, at *3 (Bankr. S.D. Ill. Sept. 5, 2007).  On the contrary, "the injunction provided for in § 524(a)(2) is prohibitive and not mandatory." Id.  As such, Courts have repeatedly held that the failure to update the reporting of a discharged debt does not violate the discharge injunction absent other affirmative collection efforts. See In re Dendy, 396 B.R. 171, 182-83 (Bankr. D. S.C. May 5, 2008) ("The mere existence of a discharged debt on a debtor's credit report, when reported prior to the discharge injunction and not combined with evidence of actions by a creditor to collect the debt after the injunction arose, does not rise to the level of an action that violates the discharge injunction."); In re Mahoney, 368 B.R. 579, 584-90 (Bankr. W.D. Tex. 2007) (the mere reporting to a credit bureau of the existence of a debt,

even one that is discharged, does not violate the discharge injunction absent other overt acts taken in an effort to collect a prepetition debt.); In re Vogt, 257 B.R. 65, 70 (Bankr. D. Colo. 2000) ("[I]t cannot be said that the Defendant's position in this regard, [i.e., post-discharge credit reporting], standing alone, was in any way 'an act' to effect collection of the debt.   Nor can the Defendant be faulted, under section 524, for refusing to correct this report.").

Based on the foregoing, HSBC's alleged failure to update the reporting of Plaintiff's discharged debt likewise does not, without more, constitute a violation of the discharge injunction.   For this additional reason, Plaintiff's second claim against HSBC for violation of the bankruptcy discharge injunction is due to be dismissed.

**D.    Plaintiff's State Law Claims Are Due to be Dismissed Because They are Preempted by the FCRA.**

Congress amended the FCRA in 1996 to impose liability upon furnishers of information such as HSBC.   At the same time, Congress also implemented new language to ensure that furnishers would be regulated solely under the Act. Specifically, Congress added section 1681t(b)(1)(F), which expressly prohibits state laws from regulating the duties and responsibilities of furnishers, stating in pertinent part:

(b) General exceptions

> No requirement or prohibition may be imposed under the laws of any State --
>
> (1) with respect to any subject matter regulated under --
>
> *   *   *
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).

This Court has repeatedly interpreted section 1681t(b)(1)(F) to completely preempt all "state law claims that implicate the duties of a [defendant] as a furnisher of information to consumer reporting agencies." Wedgeworth, 2010 WL 2794594, at *5; see also Sigler v. RBC Bank, 2010 WL 1904332, at *5 (M.D. Ala. May 10, 2010); Knudson v. Wachovia Bank, 513 F. Supp. 2d 1255, 1257 (M.D. Ala. 2007); Abbett v. Bank of America, 2006 WL 581193, *5 (M.D. Ala. Mar. 8, 2006). Plaintiff's state law claims for negligent, reckless and wanton conduct, invasion of privacy, defamation, intentional misrepresentation, and intentional infliction of emotional distress each implicate HSBC's alleged duties as a furnisher of information to CRAs. As such, Plaintiff's state law claims are necessary preempted by the FCRA and due to be dismissed as a matter of law.

## V. **CONCLUSION**

Based on the foregoing, each of Plaintiff's claims against HSBC is due to be dismissed with prejudiced.

Respectfully submitted,


/s/ Matthew T. Mitchell
John R. Chiles  (CHI006)
Alan D. Leeth (LEE038)
Matthew T. Mitchell (MIT050)

Attorneys for Defendant
HSBC CARD SERVICES, INC.

**OF COUNSEL:**

**BURR & FORMAN LLP**
420 Twentieth Street North, Suite 3400
Birmingham, Alabama  35203
Phone:  (205) 251-3000
Facsimile:  (205) 458-5100
jchiles@burr.com
rmanley@burr.com
mmitchel@burr.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties and to the extent they are not properly registered with the Court's ECF system, they have been served by directing same to their office addresses via first-class, United States mail, postage prepaid:

Bradford J. Griffin
Vickers & White, PLLC
428 South Lawrence Street
Montgomery, AL 36111
Tel: (334) 269-1192
Fax: (334) 239-7408
bgriffin@vickersandwhitelaw.com

Laura C. Nettles
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
Tel: (205) 967-8822

Monika D. Vyas
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel: (404) 521-3939

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104


/s/ *Matthew T. Mitchell*
OF COUNSEL